UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK BLACKSHIRE,<br><br>            Plaintiff,<br><br>    v.<br><br>THE HAUGE, *et al.*,<br><br>            Defendants. | Case No.  2:23-cv-00531-KJM-JDP (PS)<br><br>SCREENING ORDER AND GRANTING PLAINTIFF'S MOTION TO PROCEED *IN FORMA PAUPERIS* AND DENYING PLAINTIFF'S MOTIONS FOR RETRIBUTION AND FOR A COURT ORDER DIRECTING SERVICE<br><br>ECF Nos. 1, 2, 3, & 4 |

Plaintiff has filed a complaint against over thirty defendants, together with an application to proceed *in forma pauperis*. His complaint, however, fails to state a claim. I will give plaintiff a chance to amend his complaint before recommending dismissal. I will grant plaintiff's application to proceed *in forma pauperis*, ECF No. 2, which makes the showing required by 28 U.S.C. §§ 1915(a)(1) and (2), and I will deny plaintiff's motions for retribution and to direct service.

### Screening and Pleading Requirements

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S.

1

662, 678 (2009).  If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim.  *Id.* at 679.  The complaint need not identify "a precise legal theory."  *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016).  Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief."  *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally.  *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam).  The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017).  However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'"  *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**Analysis**

The complaint fails to present a "short and plain statement of [his] claims as is required by Federal Rule of Civil Procedure 8(a).[1]  The complaint runs 42 pages in length, contains incoherent sentences, and includes attachments that appear unrelated to any claims—such as a document entitled "history update on reparations payments by N crew," a FedEx receipt, a Sacramento County Sheriff's Office Grievance Form, and a printout of a fraternity and sorority creed.[2]  *Id.* at 9, 33, 35, 36, 37.  At a general level, the court understands the complaint to allege claims relating to plaintiff's children.  *See id.*  However, none of his claims are adequately pled.

---

[1] Plaintiff is not new to this court.  He has filed over twenty cases in this district, most of which have been dismissed for failure to state a claim.  *See, e.g.*, *Blackshire v. Sacramento County Sheriff*, 2:22-cv-00378-TLN-AC; *Blackshire v. Bright*, 2:19-cv-1305-KJM-EFB; *Blackshire v. Wackenhut 645 Corporation*, 2:16-cv-02539-KJM-KJN.

[2] For example, the complaint alleges, "I ORDER THAT MY 7 CHILDREN AND DESCENDANTS IN CALIFORNIA ARE ORDERED TO COME TOGETHER EACH SATURDAY TO VISIT COMMUNE KNOW, AND SOCIALIZE WITH EACHOTHER (*sic*), AND HONOR GOD, AND KICK IT (FAMILY BOND) TOGETHER ( I MYSELF WAS ALIENATED TO MENTAL EMOTIONAL DETRIMENT BASED ON COURT ORDER OF MOTHER AND FATHER in custody and separation YOU must prevent this in our families.)."  ECF No. 1 at 9.

The complaint includes what appears to be a request for a court order directed at both the Sacramento County and Butte County Superior Courts. *Id.* at 26. Plaintiff seeks, among other things, dismissal of a restraining order, full custody of his children, imposition of sanctions against the mother of his children, and an order requiring the children's mother to communicate with plaintiff only via email or text. *Id.* at 26-28. The complaint also includes a "request for custody hearing and funding." *Id.* at 32. And it appears to allege that Yolo County has obtained custody of one of plaintiff's children—a custody determination that he seeks to challenge. *Id.*

To the extent that plaintiff is alleging a familial association claim under the Fourteenth Amendment, it fails. The right to familial associations has both a procedural and substantive component. *Keates v. Koile*, 883 F.3d 1228, 1236 (9th Cir. 2018). The right to familial association is violated where "a state official removes children from their parents without their consent, and without a court order, unless information at the time of the seizure, after reasonable investigation, establishes reasonable cause to believe that the child is in imminent danger of serious bodily injury, and the scope, degree, and duration of the intrusion are reasonably necessary to avert the specific injury at issue." *Id*. at 1237-38. "[O]nly official conduct that 'shocks the conscience' is cognizable as a due process violation." *Lemire v. California Dep't of Corr. & Rehab.*, 726 F.3d 1062, 1075 (9th Cir. 2013). Plaintiff's allegations are too vague and conclusory to state such a claim.

Plaintiff has not alleged facts which, if presented to any defendant, would adequately put that defendant on notice as to what claims are being brought against him or her. *See Jones v. Cmty. Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984) ("The plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support the plaintiff's claim."). Plaintiff is advised that, to the extent he is suing multiple defendants (which, from the caption of his complaint, he appears to be), he may not bring multiple, unrelated claims against them in a single action. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) ("[M]ultiple claims against a single party are fine, but . . . [u]nrelated claims against different defendants belong in different suits . . . .").

3

I will allow plaintiff a chance to amend his complaint before recommending that this action be dismissed. If plaintiff decides to file an amended complaint, the amended complaint will supersede the current one. *See Lacey v. Maricopa Cnty.*, 693 F. 3d 896, 907 n.1 (9th Cir. 2012) (en banc). This means that the amended complaint will need to be complete on its face without reference to the prior pleading. *See* E.D. Cal. Local Rule 220. Once an amended complaint is filed, the current complaint no longer serves any function. Therefore, in an amended complaint, as in an original complaint, plaintiff will need to assert each claim and allege each defendant's involvement in sufficient detail. The amended complaint should be titled "First Amended Complaint" and refer to the appropriate case number. If plaintiff does not file an amended complaint, I will recommend that this action be dismissed.

**Motion for Retribution**

Plaintiff has filed a motion in which he states that his "mothers ashes were in my charities' Black 98 BMW 5 Series with the Tesla emblem" and that on May 16, a city or county water agency official took the car from a homeless camp in Sacramento. ECF No. 3. The court has not been able to discern what plaintiff is seeking in this motion, and it is therefore denied.

**Motion for United States Marshal to Serve Defendants**

Plaintiff also moves for an order directing the Marshal to serve defendants. ECF No. 4. This motion is denied. Apart from the fact that a motion for service is premature, the court has not been able to decipher this motion, which includes pleadings for federal and state cases, several notices of a towed vehicle, a notice of trespass, a power of attorney document from South Dakota, a vehicle moving permit from the California DMV, a citizen complaint form from the Sacramento County Sheriff's Department, a civil restraining order filed against plaintiff by a deputy sheriff, and several unintelligible, handwritten pages. *See generally* ECF No. 4 at 1-75.

Accordingly, it is hereby ORDERED that:

1. Plaintiff's request for leave to proceed *in forma pauperis*, ECF No. 2, is granted.

2. Plaintiff's motion for retribution, ECF No. 3, is denied.

3. Plaintiff's motion for service, ECF No. 4, is denied.

      4. Within thirty days from the service of this order, plaintiff must either file an amended complaint or advise the court he wishes to stand by his current complaint. If he selects the latter option, I will recommend that this action be dismissed.

      5. Failure to comply with this order will result in the dismissal of this action.

6. The Clerk of Court is directed to send plaintiff a new form complaint.

IT IS SO ORDERED.

Dated:   November 7, 2023                     /s/ Jeremy Peterson

                                                  JEREMY D. PETERSON
                                                  UNITED STATES MAGISTRATE JUDGE