UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK BLACKSHIRE,<br><br>  Plaintiff,<br><br>  v.<br><br>THE HAUGE, *et al.*,<br><br>  Defendants. | Case No.  2:23-cv-00531-KJM-JDP (PS)<br><br>**ORDER TO SHOW CAUSE**<br><br>ECF No. 6<br><br>RESPONSE TO ORDER TO SHOW CAUSE AND AMENDED COMPLAINT DUE WITHIN FOURTEEN DAYS |

On November 8, 2023, the court screened plaintiff's complaint, notified him that it failed to state a claim, and granted him thirty days to file an amended complaint. ECF No. 5. To date, plaintiff has not filed an amended complaint. Instead, plaintiff has filed a motion requesting a hearing so that he may orally present his amended complaint. ECF No. 6. The motion also requests that counsel be appointed. *Id.* Plaintiff's motion is denied in both regards, and he is directed to file, within fourteen days, an amended complaint, and a response to the court's order to show cause.

Generally, pro se litigants do not have a right to counsel in civil actions. *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). However, the court can request an attorney represent an indigent civil litigant under certain exceptional circumstances. 28 U.S.C. § 1915(e)(1) ("The court may request an attorney to represent any person unable to afford counsel"); *see Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir 2004). In determining whether such

1

1   circumstances exist, the court must evaluate both the plaintiff's likelihood of "success on the
2   merits and . . . the plaintiff's ability to articulate his claims in light of the complexity of the legal
3   issues involved." *Agyeman*, 390 F.3d at 1103 (citation and internal quotation omitted).
4   The court does not find that plaintiff's likelihood of success, the complexity of the issues, or the
5   degree of plaintiff's ability to articulate his claims amount to exceptional circumstances
6   warranting the appointment of counsel.

7   To manage its docket effectively, the court imposes deadlines on litigants and requires
8   litigants to meet those deadlines. The court may impose sanctions, including dismissing a case,
9   for failure to comply with its orders or local rules. *See* Fed. R. Civ. P. 41(b); E.D. Cal. L.R. 110;
10  *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005); *Carey v.
11  King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988). Involuntary dismissal is a harsh penalty, but a
12  district court has a duty to administer justice expeditiously and avoid needless burden for the
13  parties. *See Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002); Fed. R. Civ. P. 1.

14  The court will give plaintiff an opportunity to explain why this case should not be
15  dismissed for failure to file an amended complaint. Plaintiff's failure to respond to this order will
16  constitute a failure to comply with a court order and will result in a recommendation that this
17  action be dismissed. Accordingly, plaintiff is ordered to show cause within fourteen days why
18  this case should not be dismissed for failure to prosecute and failure to comply with court orders.
19  Should plaintiff wish to continue with this lawsuit, he shall file, within fourteen days, an amended
20  complaint.

21  Accordingly, it is hereby ORDERED that:

22  1. Plaintiff's motion for a hearing and the appointment of counsel, ECF No. 6, is denied.

23  2. Plaintiff shall file, within fourteen days, both an amended complaint and a response to
24  the court's order to show cause.

25  3. Failure to comply with this order will result in a recommendation that this action be
26  dismissed.

27
28

IT IS SO ORDERED.

Dated:    January 11, 2024

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE