UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK BLACKSHIRE,<br><br>Plaintiff,<br><br>v.<br><br>THE HAUGE, *et al.*,<br><br>Defendants. | Case No.  2:23-cv-0531-KJM-JDP (PS)<br><br>**ORDER**<br><br>VACATING THE FEBRUARY 5, 2024 FINDINGS AND RECOMMENDATIONS<br><br>ECF No. 9<br><br>**FINDINGS AND RECOMMENDATIONS**<br><br>THAT THE SECOND AMENDED COMPLAINT BE DISMISSED WITHOUT LEAVE TO AMEND AND ALL PENDING MOTIONS BE DENIED AS MOOT<br><br>ECF Nos. 12, 13, 14, 15, 16, & 18 |

  Plaintiff, proceeding *pro se*, filed this action against more than thirty defendants.  On November 8, 2023, I screened the original complaint, notified plaintiff that it failed to state a claim, and granted him thirty days to file an amended complaint.  After plaintiff failed to file an amended complaint, I ordered him to show cause within fourteen days why this action should not be dismissed.  ECF No. 7.  Plaintiff failed to timely respond to that order, and on February 5, 2024, I recommended that this action be dismissed for failure to prosecute.  ECF No. 9.

  Plaintiff has since filed a first amended complaint, a second amended complaint, and several motions.  ECF Nos. 8, 12-15, & 18.  As plaintiff has since filed an amended complaint, I

1

1   will vacate the February 5, 2024 findings and recommendations and screen his most recent
2   complaint, the second amended complaint.  Like the initial complaint, plaintiff's second amended
3   complaint fails to state a claim.  Accordingly, I recommend that this action be dismissed, and all
4   pending motions be denied as moot.

## Screening and Pleading Requirements

6        A federal court must screen the complaint of any claimant seeking permission to proceed
7   *in forma pauperis*.  *See* 28 U.S.C. § 1915(e).  The court must identify any cognizable claims and
8   dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon
9   which relief may be granted, or seeks monetary relief from a defendant who is immune from such
10  relief.  *Id.*

11       A complaint must contain a short and plain statement that plaintiff is entitled to relief,
12  Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its
13  face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The plausibility standard does not
14  require detailed allegations, but legal conclusions do not suffice.  *See Ashcroft v. Iqbal*, 556 U.S.
15  662, 678 (2009).  If the allegations "do not permit the court to infer more than the mere
16  possibility of misconduct," the complaint states no claim.  *Id.* at 679.  The complaint need not
17  identify "a precise legal theory."  *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024,
18  1038 (9th Cir. 2016).  Instead, what plaintiff must state is a "claim"—a set of "allegations that
19  give rise to an enforceable right to relief."  *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264
20  n.2 (9th Cir. 2006) (en banc) (citations omitted).

21       The court must construe a pro se litigant's complaint liberally.  *See Haines v. Kerner*, 404
22  U.S. 519, 520 (1972) (per curiam).  The court may dismiss a pro se litigant's complaint "if it
23  appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which
24  would entitle him to relief."  *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017).
25  However, "'a liberal interpretation of a civil rights complaint may not supply essential elements
26  of the claim that were not initially pled.'"  *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251,
27  1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

28

**Analysis**

Plaintiff's original complaint, which ran 42 pages in length and was difficult to understand, appeared to allege claims related to plaintiff's children against more than thirty defendants. ECF No. 1. In his second amended complaint, plaintiff's allegations are limited to two defendants—Sacramento County and Butte County. ECF No. 16. He claims that Sacramento County Sheriff deputies unlawfully arrested him without setting "a cite and release hearing" or reviewing conflicting court orders that prove the arrest "warrant was falsely administered by [B]utte [C]ounty." *Id.* He also appears to challenge a prior arrest by Butte County Sherriff's deputies, which he claims was unlawful. Plaintiff further alleges that Sacramento County previously held him in custody for more than a week past his release date, and that it has confined inmates "in inhumane manners . . . ." *Id.*

Plaintiff's conclusory allegations are insufficient to notify defendants of the specific claims he is attempting to assert. He vaguely alleges that he was unlawfully arrested on at least two separate occasions, but he fails to provide any specific allegations concerning the arrests. *See Jones v. Cmty. Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984) ("The plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support the plaintiff's claim."). Significantly, there are no allegations that, if accepted as true, show that his arrests were unlawful.

To the extent plaintiff is alleging claims under 42 U.S.C. § 1983 for violation of his civil rights, he fails to do so. To state a claim under § 1983 against defendants Sacramento County and Butte County, a plaintiff must allege a constitutional injury resulting from a "policy, practice, or custom of the local entity." *Avalos v. Baca*, 517 F.Supp.2d 1156, 1162 (C.D. Cal. 2007) (citing *Monell v. Dep't of Soc. Srvs.*, 436 U.S. 658, 694 (1978)). "[A] local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents." *Monell*, 436 U.S. at 694. Instead, a local government may be sued when an employee who committed a constitutional violation was "acting pursuant to an expressly adopted official policy, longstanding practice or custom, or as a final policymaker." *Thomas v. Cnty. of Riverside*, 763 F.3d 1167, 1170 (9th Cir. 2014) (citing *Monell*, 436 U.S. at 694). The complaint contains no allegation suggesting

1   plaintiff's civil rights were violated pursuant to a county policy, custom, or practice.

2   Accordingly, plaintiff's amended complaint fails to state a claim. I find that granting
3   plaintiff further leave to amend would be futile. Although plaintiff was previously granted leave
4   to amend, he continues to assert only vague and conclusory allegations. Moreover, plaintiff has
5   filed more than twenty cases in this district, most of which have been dismissed for failure to state
6   a claim. *See, e.g.*, *Blackshire v. Sacramento Cnty. Sheriff*, 2:22-cv-00378-TLN-AC (E.D. Cal.
7   May 23, 2022); *Blackshire v. Bright*, 2:19-cv-1305-KJM-EFB (E.D. Cal. May 5, 2020);
8   *Blackshire v. Sacramento Cnty. Sheriff*, 2:19-cv-1306-TLN-EFB (E.D. Cal. June 22, 2020);
9   *Blackshire v. Wackenhut 645 Corporation¸* 2:16-cv-02539-KJM-KJN (E.D. Cal. Feb. 8, 2017);
10  *Blackshire v. Sacramento Cnty. Sheriff*, 2:15-cv-1261-JAM-AC (E.D. Cal. Jan. 7, 2016).
11  Accordingly, I recommend this action be dismissed without leave to amend. *See California*
12  *Architectural Bldg. Prod. v. Franciscan Ceramics*, 818 F.2d 1466, 1472 (9th Cir. 1988) ("Valid
13  reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility.");
14  *McGlinchy v. Shell Chemical Co.*, 845 F.2d 802, 809-10 (9th Cir. 1988) ("Repeated failure to
15  cure deficiencies by amendments previously allowed is another valid reason for a district court to
16  deny a party leave to amend.").

17  Accordingly, it is hereby ORDERED that the February 5, 2024 findings and
18  recommendations, ECF No. 9, are vacated.

19  Further, it is RECOMMENDED that:

20  1. Plaintiff's second amended complaint, ECF No. 16, be dismissed without leave to
21  amend.

22  2. All pending motions, ECF Nos. 12, 13, 14, 15, & 18, be denied as moot.

23  3. The Clerk of Court be directed to close this case.

24  These findings and recommendations are submitted to the United States District Judge
25  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days of
26  service of these findings and recommendations, any party may file written objections with the
27  court and serve a copy on all parties. Any such document should be captioned "Objections to
28  Magistrate Judge's Findings and Recommendations," and any response shall be served and filed

4

within fourteen days of service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:    November 5, 2024                         /s/ Jeremy Peterson
                                                                           JEREMY D. PETERSON
                                                                           UNITED STATES MAGISTRATE JUDGE